USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Cesar Quilodran,

                        Plaintiff,

-against-

764 Third Avenue Wine & Liquor Inc. et al.,

                        Defendants.

1:24-cv-09551 (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

    This case contains one or more claims arising under the Fair Labor Standards Act. On March 4, 2025, the parties notified the Court that they had reached a settlement. (*See* 3/4/25 Letter Motion, ECF No. 27.) On March 5, 2025, the Court entered an Order directing the parties to submit the settlement agreement to the Court together with a letter explaining why the settlement, including any provision for attorney's fees and costs, is fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) with reference to the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012). (*See* 3/5/25 Order, ECF No. 29.) The parties thereafter consented to have all proceedings held before the undersigned. (Consent, ECF No. 31.)

    On April 2, 2025, the parties submitted the required letter along with the proposed settlement agreement and related papers. (4/2/25 Notice, ECF No. 32.) On April 8, 2025, at the Court's direction, the parties submitted a supplemental letter along with a copy of the relevant retainer agreement. (*See* 4/4/25 Order, ECF No. 33; 4/8/25 Letter, ECF No. 34.) Having reviewed the parties' submissions, the Court finds that the proposed settlement is fair and reasonable, given both the nature and scope of Plaintiff's claims as well as the risks and expenses involved in

additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36. Moreover, the settlement does not implicate any other *Cheeks* concerns, such as overbroad releases or restrictive confidentiality provisions. *See Cheeks*, 796 F.3d at 206.

As part of the settlement, Plaintiffs seek approval of $470.00 in costs and $10,646.66 in attorneys' fees, which is one-third of the settlement amount after costs, pursuant to a contingency fee agreement. (*See* 4/8/25 Letter; *see also* Retainer Agreement, ECF No. 34-2.) "The fairness review required by *Cheeks* 'extends to the reasonableness of attorneys' fees and costs.'" *Almanzar v. Silver Star Properties Corp.*, No. 23-CV-00819 (GWG), 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020)).

The Court finds that the requested attorneys' fees are reasonable. "Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases." *Garay v. Euro Metalsmith*, No. 23-CV-03451 (ARR) (JMW), 2023 WL 8435866, at *6 (E.D.N.Y. Dec. 5, 2023). Moreover, where there is no reason to question the reasonableness of the contingency agreement itself and the fees are "within the range of what FLSA practitioners demand in the marketplace[,]" courts have found attorneys' fees reasonable when they are "consistent with the retainer agreement agreed to by [the] plaintiff." *See Almanzar,* 2023 WL 6979460, at *3; *see also Miller v. United Parcel Serv., Inc.*, No. 20-CV-05244 (JMW), 2023 WL 2214107, at *4 (E.D.N.Y. Feb. 24, 2023) ("Following *Fisher*, courts in this district have independently found an attorney fee representing one-third the settlement amount reasonable, where the attorney provided documentation of the signed retainer agreement between the attorney and plaintiff."). Here, the Court finds that the contingency fee agreement is reasonable and that the requested fees are consistent with the agreement. Accordingly, the Court approves the requested attorneys' fees.

Finally, the Court finds the requested costs to be reasonable. Plaintiff's attorneys seek costs of $405 in filing fees and $65 in service of process costs (*see* Expense Records, ECF No. 32-3), "which are costs that are routinely recoverable in litigation[.]" *Puerto v. Happy Life Home Health Agency Inc.*, No. 23-CV-04915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023) (internal quotation marks and citation omitted).

For these reasons, the Court approves the settlement. This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:       New York, New York
             April 8, 2025

_____
STEWART D. AARON
United States Magistrate Judge